The first bill of exceptions stated, that the plaintiff below offered in evidence sundry bills of exchange, drawn *by the defendant upon the plaintiff, to an amount equal to the balance demanded by the plaintiff of the defendant. And also several accounts-current between the defendant, and the mercantile firm of Richard S. Hackley & Co., of the city -of New York; of which the plaintiff and Seth B. Wigginton were two; that the said bills of exchange were debited to the defendant in the said accounts, as being due from him to the said Richard S. Hackley & Co., and that the said accounts contained various other articles of debit and credit, -to a considerable amount, commenced on the-day of-, and continued until the-day of-, when the firm of Richard S. Hackley was changed into that of Richard S. Hackley & Co., and concluded on the --day of-.
That in these accounts, the balance stated to be due from the defendant to the said Richard S. Hackley, on the-day of-, is transferred, with the consent of the said Richard S. Hackley, to the said Richard S. Hackley & Co., and that the account in which the said balance is so transferred to the said Richard S. Hackley & Co., and the formation of that firm, were communicated by the said Richard S. Hackley himself to the defendant, before the institution of this suit; and that the defendant thereafter made to the said Richard S. Hackley & Co. several remittances in money .and commodities, towards the discharge of the said balance, and addressed to them several letters concerning the same, which remittances and letters •came to the hands of the said Richard S. Hackley & Co. Whereupon, the defendant moved the court to instruct the jury, that if the balance aforesaid was transferred as aforesaid to Richard S. Hackley & Co., it was not a subsisting debt from the defendant to the plaintiff alone, at the commencement of this suit. But the court (consisting of Marshall, Oh. J., and Grirrin, District Judge) overruled the motion, being of opinion, that though the •debt was in equity transferred to Richard S. Hackley & Go., yet the suit *205 was maintainable for their benefit, in the name of Richard S. Hackley. At the same time, the defendant was permitted to give in evidence any discounts which he might claim against Richard S. Hackley & Co.
The second bill of exceptions stated, that the plaintiff, to support his-action, gave in evidence sundry accounts ^current between himself and the defendant, in which the plaintiff had credited the defendant, as being in the plaintiff’s hands for collection, for the proceeds of a certain quantity of flour, which he had sold for the defendant, but had afterwardscharged to the defendant several sums on account of the alleged insolvency of some of the purchasers of the said flour. It also appeared, that in the account-current, and accounts of sales, the proceeds of sale of the said flour were stated to be outstanding, subject to collection, and the plaintiff did not undertake to guaranty the debts. Whereupon, the defendant, in order to repel that evidence, offered to prove that the sums so charged to the defendant were lost by the mismanagement and misconduct of the plaintiff, in having made the sales to persons known by him' to be unworthy of credit but the court refused to permit such proof to be made to the jury in this-action, being of opinion, that such misconduct was properly to be inquired into in a suit for that purpose.
This case being submitted without argument, the judgment was affirmed,, with costs.